IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,573-01






EX PARTE BENNY ALONZO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2011CR5317 IN THE 226TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
firearm by a felon and sentenced to seven years' imprisonment. 

 Applicant contends that he was denied his right to appeal this conviction through no fault of
his own. Applicant's trial counsel has filed an affidavit in which he states that Applicant, who has
several other cases awaiting trial by jury, mistakenly believed that an appeal could be had in this case
after final resolution of all of his pending cases. Counsel states his belief that Applicant was denied
the right to appeal through no fault of his own, but rather through mis-communication and confusion.

 The trial court has determined that due process requires that Applicant be afforded an out-of-time appeal in this case. See Ex parte Riley, 193 S.W.3d 900 (Tex. Crim. App. 2006). We find that
Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction
in Cause No. 2011CR5317 from the 226th District Court of Bexar County. Applicant is ordered
returned to that time at which he may give a written notice of appeal so that he may then, with the
aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial
court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant
on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date
on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an
appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30
days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: June 12, 2013

Do not publish